# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| BUTAN VALLEY, N.V., | § | Bankruptcy Case No. 07-36856 |
|    Debtor | § | |
| ------------------------------------------------------------ | | |
| OSAMA ALKASABI, | § | |
|    Appellant, | § | **CIVIL ACTION NO. H-09-1166** |
| | § | |

## MEMORANDUM AND ORDER

Appellant Osama Alkasabi filed a Notice of Appeal from the United States Bankruptcy Judge Wesley Steen's three orders relating to the sale of property owned by Debtor. The first Order Authorizing Sale [BR Doc. # 235] was inadvertently entered due to a clerical error. The second Order on appeal [BR Doc. # 237] vacated the first Order Authorizing Sale to correct the clerical error. The third Order [BR Doc. # 244] is the effective Order Authorizing Sale of the property.

The case is now before the Court on the Motion to Dismiss [Doc. # 9] filed by Appellee Rampart Acquisition Corporation, LLC ("Rampart"), in which Appellee argues that the appeal is moot. Appellant filed a Response [Doc. # 20] to the Motion to Dismiss, and the Trustee filed a Reply [Doc. # 21]. Having reviewed the record and

the governing legal authorities, the Court concludes that the appeal is moot and **grants** Appellant's Motion to Dismiss.

## I. BACKGROUND

Debtor Butan Valley, N.V., filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on October 1, 2007. On April 7, 2009, the Bankruptcy Court issued an order [BR Doc. # 235] authorizing the sale of certain real property.[1] Alkasabi filed a Notice of Appeal that same day. On April 8, 2009, the Bankruptcy Court entered an Order [BR Doc. # 237] vacating the prior order because it had been inadvertently issued as the result of a clerical error. On April 13, 2009, the Bankruptcy Court entered a corrected Order [BR Doc. # 244] authorizing the sale of the property. Alkasabi appealed from the vacating Order [BR Doc. # 237] and from the corrected Order [BR Doc. # 244]. There was no stay of the Order entered on April 13, 2009.

The Chapter 7 Trustee sold the property to the highest bidder, Rampart, for a credit bid of 5,500,000 Euros and cash of $310,000.00. The closing/funding of the sale was completed on June 15, 2009. The Bankruptcy Court found that Rampart was a good faith purchaser.

---

[1] The property consists of a 75% interest in approximately 25 acres of undeveloped land along Highway 6 in Harris County, Texas, and a 100% interest in approximately 180 acres of undeveloped land on FM 1464 in Fort Bend County, Texas.

Rampart filed a Motion to Dismiss the appeal as moot. The Motion has been fully briefed and is now ripe for decision.

## II. ANALYSIS

### A. BR Order # 235 and BR Order # 237

The original Order Authorizing Sale [BR Doc. # 235] was vacated by a later Order [BR Doc. # 237] which noted that the original order was issued as the result of a clerical error. The original Order [BR Doc. # 235] has been vacated and the appeal from that order is moot.

Alkasabi argues that the Bankruptcy Court lacked jurisdiction to vacate the original Order because he had filed a Notice of Appeal from the original Order before the Bankruptcy Court entered the Order vacating it. The Bankruptcy Court retained jurisdiction, however, to correct a clerical error. *See Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005) ("the filing of a valid notice of appeal . . . divests the court of jurisdiction to act on the matters involved in the appeal, except to . . . correct clerical errors . . .."). As a result, Alkasabi's argument that the Bankruptcy Court lacked jurisdiction to enter the Order [BR Doc. # 237] to correct a clerical error is contrary to well-established Fifth Circuit authority.

The Court dismisses the appeal as to the original Order [BR Doc. # 235] because it has been properly vacated and the appeal is moot. The Court rejects

Alkasabi's challenge to the Bankruptcy Court's jurisdiction to enter the vacating Order [BR Doc. # 237] and affirms entry of that Order.

**B.** **BR Order # 244**

Rampart argues that the appeal from the corrected Order Authorizing Sale [BR Doc. # 244] should be dismissed as moot pursuant to 11 U.S.C. § 363(m) because the property has been sold. "Section 363(m) patently protects, from later modification on appeal, an authorized sale where the purchaser acted in good faith and the sale was not stayed pending appeal." *Matter of Gilchrist*, 891 F.2d 559, 560 (5th Cir. 1990). The Fifth Circuit interprets this statute to render an appeal moot if the property is sold in the absence of a stay. *See id.; see also In re Ginther Trusts*, 238 F.3d 686, 689 (5th Cir. 2001).

Alkasabi argues that the Bankruptcy Court "should have considered trustee's bid-rigging claims under § 363(n) against subsequent purchaser of property." Response [Doc. # 20], p. 2. The Trustee in this case has not asserted any bid-rigging claims for the Bankruptcy Court to consider. Alkasabi did not allege bid-rigging while the case was before the Bankruptcy Court and this Court does not consider arguments or claims that were not presented to the Bankruptcy Court. *See Ginther Trusts*, 238 F.3d at 689.

Alkasabi also asserts summarily that Rampart is not a "good Purchaser for Value." He presents no factual basis for this argument, and presents no evidence to support it. Moreover, the allegation is refuted by the Bankruptcy Court's specific finding that "Rampart is a good faith purchaser within the meaning of 11 U.S.C. § 363(m)" and that "the sale price was not controlled by an agreement among potential bidders." *See* Order Authorizing Sale [BR Doc. # 244], p.2. Indeed, Rampart purchased the property as the highest bidder and for a price authorized by the Bankruptcy Court. The Court rejects Alkasabi's assertion that Rampart did not purchase the property in good faith within the meaning of § 363(m) and dismisses this appeal as moot.

### III.    CONCLUSION AND ORDER

The Bankruptcy Court authorized the sale of the Debtor's property, there was no stay of that order, and the property has been sold to Rampart, who purchased the property in good faith. As a result, pursuant to 11 U.S.C. § 363(m), this appeal is moot. It is, therefore,

**ORDERED** that Rampart's Motion to Dismiss [Doc. # 9] is **GRANTED**. The appeal is **DISMISSED AS MOOT** as it relates to the first Order authorizing the sale of Debtor's property [BR Doc. # 235] and the corrected Order authorizing the sale of the property [BR Doc. # 244]. The Bankruptcy Court's Order [BR Doc. # 237]

vacating the original Order as inadvertently issued as the result of a clerical error is

**AFFIRMED**.

The Court will issue a separate Final Dismissal Order.

SIGNED at Houston, Texas, this 4th day of **August, 2009**.

_____
Nancy F. Atlas
United States District Judge